UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERK'S OFFICE

'04 MAR 11  A 11: 01

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>as subrogee of Arnold and Marsha Katz<br>100 South Fifth Street<br>Minneapolis, MN 55402,<br><br>        Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.<br>101 Columbia Road<br>Morristown, NJ 07962<br><br>        Defendant. | CIVIL ACTION<br><br>04 - 30052 - KPN<br><br>**JURY TRIAL DEMANDED**<br><br><br><br>No. |

## COMPLAINT

Plaintiff, Great Northern Insurance Company, by and through its attorneys, hereby asserts, upon information and belief, as follows:

### THE PARTIES

1. Plaintiff, Great Northern Insurance Company [hereinafter "Great Northern"], is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minneapolis, Minnesota.

2. At all times material hereto, Plaintiff Great Northern was engaged in the business of issuing property insurance and was duly authorized to issue policies of insurance within the Commonwealth of Massachusetts.

3. At all times material hereto, Defendant, Honeywell International, Inc., [hereinafter "Honeywell"], was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey.



01

4. At all times material hereto, Defendant Honeywell was engaged in the business of manufacturing, supplying and/or distributing products, including relay switches for HVAC units and related equipment.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to the provisions of 28 USC §1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 USC §1391, as the events or omissions giving rise to the claims at issue occurred within this district and defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates, by reference, the preceding paragraphs.

8. At all times material hereto, Mr. Arnold and Mrs. Marsha Katz [hereinafter "Katz"] owned the real and personal property located at Spadina Parkway, Pittsfield, Massachusetts [hereinafter "the property"].

9. At all times material hereto, Plaintiff Great Northern insured the Katz' real and personal property interests.

10. On and before January 19, 2003, the Katz property was heated by an HVAC system, which operated through a relay that was manufactured, distributed and sold by Defendant Honeywell.

11. On or about January 19, 2003, Defendant Honeywell's relay failed, which rendered the HVAC system non-operational and resulted in domestic water lines freezing, rupturing and discharging water.

2

12. Given the severe and extensive damage, the Katzs submitted a claim to Plaintiff and, pursuant to the terms and conditions of its policy of insurance, Plaintiff paid to the Katzs an amount in excess of $75,000.00, representing the fair and reasonable value and cost of the resulting damage, as covered under the applicable policy.

13. To the extent of its payments, Plaintiff is subrogated to the rights of the Katzs.

## COUNT I – BREACH OF WARRANTY (IN TORT)

14. Plaintiff incorporates, by reference, the preceding paragraphs.

15. Defendant Honeywell failed to provide a relay that was free from defects in its design, manufacture, assembly and/or warnings and instructions, for which Defendant Honeywell is strictly liable.

16. As a direct and proximate results of the above defects, the water discharge occurred and caused extensive damage to the Katz property.

WHEREFORE, Plaintiff demands judgment against Defendant Honeywell, in an amount in excess of $75,000.00, together with interest, costs, attorney's fees, and such other relief as the Court deems just and appropriate.

## COUNT II – NEGLIGENCE

17. Plaintiff incorporates, by reference, the proceeding paragraphs.

18. The relay's failure and resulting water discharge were caused by the negligence, carelessness, recklessness and/or negligent omissions of Defendant Honeywell, acting by and through its agents and employees, acting with the scope and course of their employment, as follows:

 (a) causing or allowing an improperly designed, manufactured and/or assembled relay to be placed into the stream of commerce;

 (b) failing to properly inspect and/or review its relays prior to placing them in the stream of commerce;

 (c) failing to properly solder its relays;

 (d) failing to use proper materials and components in its relays;

 (e) causing or allowing the relay to fail; and

 (f) otherwise failing to use due care, as may be disclosed in the course of discovery.

19. As a direct and proximate results of the above negligence, the water discharge occurred and caused extensive damage to the Katz' property.

WHEREFORE, Plaintiff demands judgment against Defendant Honeywell, in an amount in excess of $75,000.00, together with interest, costs, attorney's fees, and such other relief as the court deems just and appropriate.

## COUNT III – BREACH OF WARRANTY

20. Plaintiff incorporates, by reference, the proceeding paragraphs.

21. Defendant Honeywell extended express and implied warranties with its relay including, but not limited to, the warranty that the relay was fit for its intended and foreseeable use.

22. As set forth above, the relay was not fit for its intended and foreseeable use and, therefore, a failure occurred and caused existence water damage to the Katz' property.

WHEREFORE, Plaintiff demands judgment against Defendant Honeywell in an amount in excess of $75,000.00, together with interest, costs, attorney's fees, and such other relief as the court deems just and appropriate.

Respectfully submitted,

STRONG & CULLEN, P.C.

BY: _____
PATRICK D. CULLEN, ESQUIRE
50 Elm Street
Suite 6
Worcester, MA 01609
(508) 792-4433

CO-COUNSEL:
JAMES P. CULLEN, JR., ESQUIRE
KATHLEEN P. LOUGHHEAD
COZEN O'CONNOR
1900 Market Street
The Atrium – Third Floor
Philadelphia, PA 19103
(215) 665-4102