UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY, )
AS SUBROGEE OF ARNOLD AND )
MARSHA KATZ, )
     Plaintiff )
  ) CIVIL ACTION NO.:
v. ) 04-30052-KPN
  )
  )
HONEYWELL INTERNATIONAL, INC., )
    Defendant )

**ANSWER OF THE DEFENDANT, HONEYWELL INTERNATIONAL INC., TO THE COMPLAINT OF THE PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY AS SUBROGEE OF ARNOLD AND MARSHA KATZ**

### FIRST DEFENSE

The defendant, Honeywell International Inc., answers the separately numbered paragraphs of the complaint as follows:

### THE PARTIES

1.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

2.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

3.   The defendant admits the allegations contained in this paragraph.

4.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this paragraph and therefore denies same.

## JURISDICTION AND VENUE

5.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

6.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

## FACTUAL ALLEGATIONS

7.    The defendant's answers to paragraphs one through six are repeated, reasserted and incorporated herein by reference.

8.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

9.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

10.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

11.    The defendant denies that its product failed.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies same.

12.    The defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

13.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same.

## COUNT I - BREACH OF WARRANTY (IN TORT)

14.    The defendant's answers to paragraphs one through thirteen are repeated, reasserted and incorporated herein by reference.

15.    The defendant denies the allegations contained in this paragraph.

16.    The defendant denies the allegations contained in this paragraph.

## COUNT II - NEGLIGENCE

17.    The defendant's answers to paragraphs one through sixteen are repeated, reasserted and incorporated herein by reference.

18    The defendant denies the allegations contained in this paragraph.

a.    The defendant denies the allegations contained in this paragraph.

b.    The defendant denies the allegations contained in this paragraph.

c.    The defendant denies the allegations contained in this paragraph.

d.    The defendant denies the allegations contained in this paragraph.

e.    The defendant denies the allegations contained in this paragraph.

f.    The defendant denies the allegations contained in this paragraph.

19.    The defendant denies the allegations contained in this paragraph.

## COUNT III - BREACH OF WARRANTY

20.    The defendant's answers to paragraphs one through nineteen are repeated, reasserted and incorporated herein by reference.

21.    The defendant denies the allegations contained in this paragraph.    To the extent any express or implied warranties did exist the product functioned as intended and warranted.

22.    The defendant denies the allegations contained in this paragraph.

## SECOND DEFENSE

This action is barred by operation of the applicable statute of limitations.

## THIRD DEFENSE

This action is barred by the statute of repose, G.L. c. 260, sec. 2B.

### FOURTH DEFENSE

The plaintiff is barred from recovery against Honeywell International Inc. on any theory of breach of warranty because it failed to provide timely notice of the alleged breach and Honeywell International Inc. has been prejudiced by that failure.

### FIFTH DEFENSE

The plaintiff is barred from recovery against Honeywell International Inc. because, after discovering the alleged defect, plaintiff proceeded unreasonably to make use of the product.

### SIXTH DEFENSE

The plaintiff is barred from recovery against Honeywell International Inc. because its alleged damages were caused by the acts or omissions of a third party, who was not an agent or employee of Honeywell International Inc. and over whom Honeywell International Inc. exercised no control and for whose conduct Honeywell International Inc. bears no responsibility.

### SEVENTH DEFENSE

The plaintiff has failed to mitigate, minimize or avoid damages, if any, alleged in the plaintiff's complaint; accordingly, any recovery must be reduced by the amount of damage resulting from such failure.

## EIGHTH DEFENSE

The subject product was modified, altered or changed in an unreasonable and unforeseeable manner after it left Honeywell International Inc.'s possession, custody and/or control.

## NINTH DEFENSE

The plaintiff was more than fifty percent at fault in causing the alleged injuries and damages and, therefore, is barred from recovery by the comparative negligence statute, G.L. c. 231, §85.

## TENTH DEFENSE

If the plaintiff is entitled to recover against the defendant any such recovery must be reduced in accordance with the comparative negligence statute, G.L. c. 231, §85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

## ELEVENTH DEFENSE

The plaintiff is barred from recovery against Honeywell International Inc. because its alleged losses were caused by the plaintiff's misuse of the product.

## TWELFTH DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## THIRTEENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

## FOURTEENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## FIFTEENTH DEFENSE

The complaint fails to state a claim against Honeywell International, Inc. upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## THE DEFENDANT DEMANDS A TRIAL BY JURY.

**WHEREFORE**, the defendant demands that this action be dismissed and that judgment enter in the defendant's favor together with costs.

THE DEFENDANT,
HONEYWELL INTERNATIONAL INC.,
BY ITS ATTORNEYS,

Date: *May 28, 2004*

Anthony M. Campo, BBO# 552093
Brian F. Breen, BBO# 657188
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a), I, Brian F. Breen, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

Patrick D. Cullen, Esq.
Strong & Cullen, P.C.
50 Elm Street, Suite 6
Worcester, MA 01609

SIGNED UNDER THE PENALTIES OF PERJURY THIS 1st DAY OF

June , 2004 .

Brian F. Breen, BBO# 657188
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775