UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, AS SUBROGEE OF ARNOLD AND MARSHA KATZ,<br>    Plaintiff<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br>    Defendant | CIVIL ACTION NO.:<br>04-30052-KPN |

## ASSENTED TO MOTION TO AMEND THE SCHEDULING ORDER

The parties to the above captioned matter hereby move to extend all dates contained in the Court's Scheduling Order dated July 19, 2004 by forty-five (45) days. A copy of the Court's July 19, 2004 Scheduling Order is attached hereto as Exhibit 1. The deadline for non-expert depositions is currently December 30, 2004. The plaintiff is required to disclose its trial experts by February 1, 2005 and defendant is to disclose its trial expert by March 1, 2005. Additionally, a case management conference is scheduled for March 10, 2005 and all expert depositions are to be completed by March 30, 2005. The parties request that all of the above dates be extended by forty-five (45) days.

In support of this request, the parties state that due to scheduling conflicts they are unable to complete the depositions of fact witnesses by the December 30, 2004 deadline. The parties have cooperated in discovery and have worked to complete the discovery within the deadline set forth in the scheduling order. Many of the witnesses to be

deposed are located out-of-state. This fact, as well as scheduling conflicts, have made it impossible to complete fact discovery before December 30, 2004. The parties agree that 45 days is sufficient to complete all remaining discovery.

The parties further agree that it is impractical to require expert disclosures until after the fact witnesses have been deposed. Therefore, the parties request that the court extend all dates in the Scheduling Order by forty-five (45) days and that the case management conference be rescheduled accordingly. The parties request that the new Scheduling Order provide the following:

1. Non-expert depositions shall be completed by February 15, 2005.

2. Plaintiff shall designate and disclose information regarding its trial experts as required by Fed. R. Civ. P. 26(a)(2) by March 15, 2005.

3. Defendant shall designate and disclose information regarding its trial experts as required by Fed. R. Civ. P. 26(a)(2) by April 15, 2005.

4. All expert depositions shall be completed by May 16, 2005.

THE PLAINTIFF,
GREAT NORTHERN INSURANCE CO.,
AS SUBROGEE OF ARNOLD AND MARSHA KATZ,
BY ITS ATTORNEYS,

*/s/ James P. Cullen by BB*
James P. Cullen, Jr.
The Atrium - Third Floor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4102

Date: 12/15/04

THE DEFENDANT,
HONEYWELL INTERNATIONAL INC.,
BY ITS ATTORNEYS,

*/s/ Brian F. Breen*
Anthony M. Campo, BBO# 552093
Brian F. Breen, BBO# 657188
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(a), I, Brian F. Breen, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

Patrick D. Cullen, Esq.
Strong & Cullen, P.C.
50 Elm Street, Suite 6
Worcester, MA 01609

James P. Cullen, Jr., Esq.
Cozen O'Connor
1900 Market St.
The Atrium - Third Floor
Philadelphia, PA 19103

SIGNED UNDER THE PENALTIES OF PERJURY THIS 15 DAY OF December, 2004.

Brian F. Breen, BBO# 657188
Boyle, Morrissey & Campo, P.C.
25 Stuart Street
Boston, MA 02116
(617) 451-2000
FAX: (617) 451-5775

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY, )
AS SUBROGEE OF ARNOLD AND )
MARSHA KATZ, )
    Plaintiff )
    ) CIVIL ACTION NO.:
v. ) 04-30052-KPN
    )
HONEYWELL INTERNATIONAL, INC., )
    Defendant )
    )

**AFFIDAVIT OF LORI D. SEMKE IN SUPPORT OF ASSENTED TO MOTION TO AMEND THE SCHEDULING ORDER**

I, Lori D. Semke, Esq., hereby certify that:

1. I have been admitted *pro hac vice* as counsel for Defendant Honeywell International Inc. in this matter. I make this affidavit in support of the parties' assented-to motion to amend the scheduling order.

2. The parties have cooperated and worked together to complete the discovery within the deadlines set forth in the scheduling order. Plaintiff's counsel James P. Cullen and I have exchanged numerous letters, as well as telephone calls and messages, in October, November and December of 2004 to pinpoint agreeable dates for the five depositions noticed by Honeywell and a deposition Plaintiff intends to notice.

3. The depositions sought by the parties involve out-of-state deponents, as well as deponents located in

Massachusetts. Due to scheduling conflicts, the depositions sought could not be scheduled within the set deadline.

4. Honeywell served subpoenas on five witnesses for depositions that were noticed to be taken on December 9, 2004. Plaintiff's counsel was unavailable at that time, however, as were the homeowners, Arnold and Marsha Katz, who were among the individuals to be deposed. The parties determined that no other mutually agreeable dates were available before December 30, 2004.

5. I have conferred with Plaintiff's counsel James Cullen and both parties agree that a 45-day extension of the deadlines is sufficient to complete the remaining discovery.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 15th DAY OF December, 2004.

_____
Lori D. Semke